IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LESLIE RAY NIX                                                                                              PLAINTIFF

V.                                      CASE NO. 4:15-cv-00395-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                                      DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Leslie Nix filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

### I.   PROCEDURAL HISTORY

Mr. Nix protectively filed his applications for DIB and SSI on September 12, 2011. (R. at 9.) He alleged a disability onset date of December 31, 2003. (R. at 9.) He met the insured status requirements of the Social Security Act through December 31, 2008. (R. at 11.) He alleged complications from a mental illness, back problems, and leg problems. (R. at 185.) The Social Security Administration denied Mr. Nix's claims at the initial and reconsideration levels. (R. at 9.) On August 26, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 26.) On December 17, 2013, the ALJ issued an unfavorable decision, denying Mr. Nix's claims. (R. at 6.) On May 8, 2015, the Appeals Council denied Mr. Nix's request for review. (R. at 1.)

On June 30, 2015, Mr. Nix filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Compl. 1, ECF No. 2.) On July 28, 2015, the district judge reassigned the

case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 13; Def.'s Br., ECF No. 14.)

## II.   ADMINISTRATIVE PROCEEDINGS

Mr. Nix was fifty years old on the date he was last insured and had earned his GED. (R. at 25-26.) He had past relevant work as a maintenance worker and laborer. (R. at 17.) The ALJ applied the five-step sequential evaluation process to Mr. Nix's claims.[1] (R. at 10.) The ALJ found that Mr. Nix satisfied the first step because he had not engaged in substantial gainful activity. (R. at 11.) At step two, the ALJ found that Mr. Nix suffered from the severe medical impairments of back pain, depression, borderline personality disorder, and antisocial traits. (R. at 11.) At step three, the ALJ found that Mr. Nix did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 12.) Before proceeding to step four, the ALJ found that Mr. Nix had a residual functional capacity ("RFC") to perform medium work. (R. at 13.) In making the RFC determination, the ALJ found that Mr. Nix was not credible regarding the persistence and limiting effects of his impairments' symptoms. (R. at 16.) At step four, the ALJ found that Mr. Nix was capable of performing his past relevant work. (R. at 17.) Therefore, the ALJ found that Mr. Nix was not disabled. (R. at 17.)

## III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision

---

[1] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.    DISCUSSION**

Mr. Nix argues that the Commissioner's decision is not supported by substantial evidence and the administrative record is incomplete. (Pl.'s Br. 5, ECF No. 13.) Specifically, he alleges that the ALJ (A) erred by failing to consider Mr. Nix's Global Assessment of Functioning ("GAF") score, (B) should have requested from Mr. Nix's doctors evidence of Mr. Nix's capacity to work, and (C) impermissibly substituted his judgment for that of a consultative examiner. (*Id.* at 8-10.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 4, ECF No. 14.)

It is the claimant's burden to prove his RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, the ALJ should rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

    A.    GAF SCORE

Mr. Nix first argues that the ALJ failed to consider his GAF scores. (Pl.'s Br. 8, ECF No. 13.) He alleges that he has a history of low GAF scores, and the ALJ must analyze the GAF scores before making a disability determination. (*Id.*). The Commissioner argues that the ALJ considered Mr. Nix's GAF scores, but placed greater weight on the medical evidence and testimony. (Def.'s Br. 5, ECF No. 14.)

The ALJ expressly considered the opinion of Ron Faupel, Psy.D., and afforded it little weight. (R. at 16.) Specifically, the ALJ considered that Dr. Faupel "provided a global assessment functioning score of 35-45."

If the ALJ considers a claimant's GAF scores, it must consider all of a claimant's GAF scores, including the lowest ones. *Pate-Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir. 2009). However, "the Commissioner has declined to endorse the GAF score for use in the Social Security and [Supplemental Security Income] disability programs, and has indicated that GAF scores have no 'direct correlation to the severity requirements of the metal disorder listings.'"

*Jones v. Astrue*, 619 F.3d 963, 973-74 (8th Cir. 2010) (quoting *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. Appx. 411, 415 (6th Cir. 2006)). An ALJ "may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." *Id.* at 974.

Here, the ALJ considered Mr. Nix's GAF score and discounted it, placing greater weight to the medical evidence and testimony. Therefore, the ALJ did not commit legal error.

B.       PHYSICAL CAPACITY TO WORK

Mr. Nix claims that the "ALJ is obligated to contact treating physician(s) for clarification and assessment of claimant's impairments and how they limit work activities." (Pl.'s Br. 9, ECF No. 13 (citing *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002))). The Commissioner responds that "the record sufficiently shows that his physical impairments were limited, and Plaintiff has provided no evidence that any physician left a critical issue undeveloped." (Def.'s Br. 6, ECF No. 14.) The ALJ found that "[n]one of the claimant's treating physicians have offered an opinion that the claimant was disabled or made any statement or recommendation that the claimant was unable to work at an SGA level." (R. at 16 (citing *Depover v. Barnhart*, 349 F.3d 563 (8th Cir. 2003))).

The ALJ has a duty to develop the record fully and fairly, "independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). This duty extends to situations where an attorney represents the claimant at the administrative hearing. *Id.* When the claimant has a long history of medical treatment, but no doctor has commented on the claimant's ability to perform work-related activities, the ALJ is required to contact the claimant's treating doctor for an opinion on the scope of work-related activities that the claimant can perform. *Bowman*, 310 F.3d at 1085 (quoting *Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001).

Here, the ALJ did not commit legal error by deciding not to contact Mr. Nix's treating

5

physician for an opinion on the scope of work-related activities that Mr. Nix can perform. The ALJ noted that Mr. Nix has "minimal treating records." (R. at 15.) In his hospital records, the majority of them are for one-time issues rather than any of Mr. Nix's severe impairments. (*See* R. at 250-375.) In those records, his doctors indicated that Mr. Nix could still do physical activity despite his impairments. (*See* R. at 254 (instructing Mr. Nix to do no heavy lifting over 20 pounds, but he can increase physical activity over time), 295 (noting that Mr. Nix is effectively managing the pain from his staphylococcus), 318 (finding that there was no fracture from the fishhook in his finger)). In February 2006, while in the Arkansas Department of Correction, a doctor did limit Mr. Nix to assignments involving no prolonged crawling, stooping, running, jumping, walking, or standing; no strenuous physical activity; and no handling of heavy objects in excess of nineteen pounds. (R. at 325.) However, that appears to be the only doctor visit by Mr. Nix during the relevant period relating to his back pain, and he never sought any additional treatment. As the ALJ noted, "[f]ailure to seek medical attention is inconsistent with his complaints of disabling pain." (R. at 16 (citing *Benson v. Bowen*, 830 F.3d 878 (8th Cir. 1987)). For these reasons, the ALJ was not required to contact Mr. Nix's treating doctors for further opinions relating to Mr. Nix's capacity to work.

    C.     DISCOUNT THE CONSULTATIVE EXAMINER'S OPINION

In the last sentence of his argument, Mr. Nix asserts that the ALJ is substituting his own judgment for that of the consultative examiner. (Pl.'s Br. 10, ECF No. 13.) Mr. Nix's argument is conclusory, does not cite case law, and is unsupported by the facts. *See Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he made the Listings where the appellant provided no analysis of the relevant law or facts). Therefore, the Court rejects Mr. Nix's argument without

further analysis.

## V.     CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole that supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 29th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE